# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ALEJANDRO FARIAS-SALGADO,<br><br>   Defendant. | Case No. 15-cr-1305-BAS<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR LEAVE TO FILE SENTENCING VIDEO AND FOR ORDER PERMITTING VIDEO EQUIPMENT INTO CCA**<br><br>[ECF No. 40] |

On July 30, 2015, Defendant pled guilty to one count of attempted reentry in violation of 8 U.S.C. § 1326(a)-(b). The Court denied his initial motion for leave to file a video as an exhibit to his sentencing memorandum and for an order permitting defense counsel to bring video equipment into CCA for the purposes of conducting an interview with Defendant. Defendant now moves again seeking the same relief previously sought regarding the sentencing video—an order permitting video equipment into CCA and leave to file a sentencing video. On November 9, 2015, Defendant apparently went ahead and lodged a video with the Court without leave. (ECF No. 39.)

Defense counsel explains that a video is necessary as a result of "something inevitably . . . lost in translation" and counsel's inability to, for example, "adequately convey the emotional quality of listening to a wife talk about the kindness of her husband or his qualities as a father." (Def.'s Mot. 1:1-8.) He also argues that "disallowing a sentencing video would seem to violate Rule 32's mandate that courts 'must' allow the defendant to 'speak or present *any information to mitigate the sentence*.'" (*Id.* at 2:9-18 (emphasis in original).)

Defendant specifically invokes Federal Rule of Criminal Procedure 32(i)(4), which addresses a defendant's opportunity to speak during sentencing. Before sentencing, Rule 32(i)(4) requires a court to: (1) "provide the defendant's attorney an opportunity to speak on the defendant's behalf"; (2) "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence"; and (3) "provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney." Defendant suggests that prohibiting his counsel from bringing video equipment into the correctional facility where Defendant is currently being held in order to produce a video and submitting a sentencing video violates Rule 32(i)(4)'s second prong.

Contrary to Defendant's position, nothing in the text of Rule 32(i)(4) requires or suggests that the Court should permit Defense counsel to bring video equipment into the correctional facility. Furthermore, such a prohibition does not preclude Defendant presenting "any information to mitigate the sentence." *See* Fed. R. Crim. P. 32(i)(4). Defendant is free to present any information that he sees fit to support mitigation of the sentence. He will be given the opportunity to speak and state anything he feels is relevant during his sentencing hearing that he would have stated in a recorded video statement. Defendant also fails to provide any additional circumstance, such as a health condition, that justifies the accommodation he seeks. He does not elaborate on the "unique set of circumstances" alluded to in the initial motion, and the justification for permitting the video equipment into the correctional

facility in the renewed motion stems squarely from Defense counsel's apparent inability to articulate the information gathered on his client's behalf for the purposes of sentencing.

Accordingly, for the same reasons the Court denied the previous request in addition to the reasons discussed above, the Court **DENIES** Defendant's motion. (ECF No. 40.) That said, the Court will consider the already-produced video lodged with the Court for the purposes of sentencing.

**IT IS SO ORDERED.**

DATED: November 10, 2015

Hon. Cynthia Bashant
United States District Judge